(Pleito No. 109.—Fallado el 27 de Diciembre de 1900.)
## Acevedo contra El Registrador.

Solicitud de un *Mandamus*.

Inscripciones. Los títulos, transferencias ó gravámenes relativos á bienes inmuebles no podrán ser inscritos ó anotados cuando la propiedad en cuestión aparece inscrita á favor de otra persona que no es la que otorgó, ó en cuyo nombre se hizo la transmisión ó gravamen.

### RESOLUCIÓN.

Puerto Rico, veinte y siete de Diciembre de mil novecientos.—Visto el presente recurso gubernativo interpuesto por Don Virgilio Acevedo y Hernández, contra negativa del Registrador de Aguadilla á inscribir una escritura de cesión de acciones y derechos sobre una finca rústica.—Resultando: Que por escritura otorgada en el pueblo de Lares ante el Notario interino del mismo Don Salvador Picornell y Cardona, en cinco de Julio último, varios vecinos de aquella localidad, hasta el número de cincuenta y tres, cedieron y traspasaron á Don Virgilio Acevedo y Hernández, por ocho mil pesos provinciales, que confesaron recibidos, todas las acciones y derechos que les correspondían sobre un predio rústico radicado en los barrios de Piletas y Callejones, de aquel término municipal, compuesto de cuatro mil ciento treinta y tres cuerdas de terreno, equivalentes á mil seiscientas veinte y cuatro hectáreas, cuarenta y tres áreas y cuarenta y tres centiáreas, con plantaciones de café y lo demás á pasto y maleza, bajo los puntos y colindancias que se determinan en dicha escritura; cuyas tierras que en el año de mil setecientos setenta y seis habían sido mercedadas por el Gobierno de España al Duque de Mahón-Crillón y revertidas después á la Corona y repartidas entre setenta y cuatro vecinos de aquella localidad en el año de mil ochocientos cincuenta y cuatro, por acuerdo de la Junta de terrenos baldíos, en cumplimiento de la Real Orden de quince de Septiembre de mil ochocientos cincuenta y dos, las venían proseyendo los otorgantes desde aquella fecha,

unos por compra y otros por herencia, sin más antecedentes; y que presentada dicha escritura para su inscripción en el Registro de la Propiedad, la denegó el Registrador, según nota puesta al pie de la misma, por observarse los defectos de aparecer en el Registro inscrita la finca á que se refería el título presentado á nombre de El Pueblo de Puerto Rico, persona distinta de los trasmitentes, quienes tampoco acreditaban el carácter de dueños con que comparecían al otorgamiento, y que siendo estos defectos insubsanables no procedía tampoco su anotación preventiva.—Resultando: Que notificada la negativa del Registrador á Don Virgilio Acevedo, protestó su inconformidad y suplicó se llevase la escritura á esta Superioridad, á los efectos de la Orden General número 99, como así lo verificó el Registrador, habiendo comparecido después ante este Tribunal Supremo dentro del término legal, así el Registrador como el recurrente Don Virgilio Acevedo, en solicitud éste de que se declarase nula la inscripción de los terrenos de que se trata, hecha á favor de El Pueblo de Puerto Rico, y se previniese al Registrador que inscribiese la escritura, y este último que se confirmase su nota, alegando cada uno las razones que estimaron pertinentes, para justificar sus respectivas pretensiones.—Resultando: Que librada carta-orden al Registrador de la Propiedad de Aguadilla para que remitiese á este Tribunal certificación literal del asiento de los terrenos de que se trata, á favor de El Pueblo de Puerto Rico y del documento en cuya virtud hubiese verificado la inscripción, aparece de la certificación librada por el Registrador y remitida á este Tribunal, que en veinte y seis de Septiembre último inscribió el dominio de las referidas tierras á favor de El Pueblo de Puerto Rico, por virtud de una certificación expedida por el Tesorero de esta Isla Mr. J. H. Hollander, de catorce del mismo mes, en la que se consigna que dichas tierras pertenecen por derecho dominical á El Pueblo de Puerto Rico, que sobre ellas no existía carga ni gravamen de ninguna especie ni otra servidumbre que la vereda común que conducía á Quebradillas;

que en el año mil setecientos setenta y seis. habían sido conce-
didos esos terrenos al Duque Mahón-Crillón, pero por no
haberlos cultivado habían sido revertidas al Estado por
la Junta de terrenos hacia el año de mil ochocientos cincuenta
y cuatro, en cumplimiento de lo dispuesto en Real Orden de
quince de Septiembre de mil ochocientos cincuenta y dos,
sin que constasen más antecedentes; expidiendo la expresada
certificación por duplicado para la inscripción de posesión
á favor del Pueblo de Puerto Rico, según lo dispuesto
en la Ley Hipotecaria.—Considerando: Que es precepto
fundamental de dicha ley, consignado en el artículo 20
de la misma, que para inscribir ó anotar los títulos en que se
transfiera ó grave el dominio ó la posesión de bienes inmuebles
ó derechos reales, deberá constar previamente inscrito ó
anotado el derecho de la persona que otorgue, ó en cuyo
nombre se haga la trasmisión ó gravamen; que sólo podrán
ser inscritos sin dicho requisito, los títulos otorgados por
personas que hubiesen adquirido el derecho sobre los mismos
bienes con anterioridad al día en que empezó á regir la Ley
Hipotecaria, siempre que justifiquen su adquisición con
documentos fehacientes y no estuviese inscrito el mismo
derecho á favor de otra persona; pero que de resultar inscrito
á favor de persona distinta de la que otorgue la trasmisión ó
el gravamen, los Registradores denegarán la inscripción
solicitada; de donde se deduce que, estando el dominio
de las tierras de que se trata en el presente recurso á nombre
de persona ó entidad distinta de las que las trasmitieron
á Don Virgilio Acevedo, no es posible inscribirlo á favor
de éste, por oponerse á ello el precepto claro y terminante del
artículo citado de la expresada ley.—Considerando: Que,
según jurisprudencia constante de la Dirección General
de los Registros, y lo preceptuado por el artículo 3º de
la Orden General número 99, de treinta de Abril último, las
cuestiones relativas á la nulidad de las inscripciones hechas
en el Registro de la Propiedad, así como sobre preferencia ó
prelación de los títulos inscritos, no pueden ser resueltas

en los recursos de la naturaleza del presente, sino que deben serlo por los Tribunales de Justicia en el juicio civil correspondiente.—Vistas las disposiciones legales citadas y las resoluciones de la Dirección General de los Registros de cuatro de Marzo de mil setecientos sesenta y seis, quince de Junio de mil ochocientos ochenta y cuatro, cuatro de Abril, diez y nueve de Noviembre, diez y siete de Diciembre de mil ochocientos ochenta y cinco, once de Febrero de mil ochocientos ochenta y siete, primero de Mayo de mil ochocientos noventa, veinte y uno de Junio de mil ochocientos noventa y uno, primero de Junio y veinte y nueve de Diciembre de mil ochocientos noventa y dos y trece de Enero de mil ochocientos noventa y tres.—Se confirma la nota puesta por el Registrador de la Propiedad de Aguadilla al pie de la escritura de que se trata en el presente recurso, en cuanto por ella se declara no ser inscribible en el Registro de la Propiedad por el primero de los motivos que expresa dicha nota. Y para notificación y cumplimiento de la presente resolución, que se publicará en la *Gaceta Oficial*, remítase copia certificada de ella al Registrador de la Propiedad de Aguadilla, con devolución de la escritura y demás documentos presentados, para su entrega al recurrente, Don Virgilio Acevedo.—Así lo proveyeron y firman los Sres. del Tribunal, de que certifico.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.—Rafael Nieto Abeillé.—E. de J. López Gaztambide, *Secretario*.